UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MALIK AZ'RAEL MOSBY,**

          **Petitioner,**

      **v.**             **9:12-CV-1543**
                      **(FJS/ATB)**

**O'MEARA, Superintendent,**

          **Respondent.**
_____

**APPEARANCES**         **OF COUNSEL**

**MALIK AZ'RAEL MOSBY**
**06-B-1604**
Livingston Correctional Facility
P. O. Box 91
Sonya, New York 14556
Petitioner *pro se*

**OFFICE OF THE NEW YORK**    **THOMAS B. LITSKY, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**SCULLIN, Senior Judge**

## ORDER

  Petitioner brought this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction rendered on May 23, 2006, after a jury trial in the Tompkins County Court. Petitioner was convicted of two counts of Criminal Sale of a Controlled Substance, Third Degree and two counts of Criminal Possession of a Controlled Substance, Third Degree and was ultimately sentenced to an aggregate prison term of ten years of incarceration with three years post-release supervision.

In his petition, Petitioner alleged the following claims:

>(1) The People violated his right to counsel and *Brady* by failing to disclose the videotaped statement he made to the police following his arrest;
>
>(2) The trial court, counsel, and a jail employee violated his due process rights by not ordering a competency examination and by denying him mental health treatment;
>
>(3) A state official impeded his post-judgment motion by failing to disclose relevant mental health records;
>
>(4) His trial counsel was ineffective because he (a) failed to request a competency hearing, (b) waived a preliminary hearing, (c) failed to call a confidential informant at trial, and (d) failed to request a missing witness charge for the informant;
>
>(5) His appellate counsel was ineffective because she did not assert that (a) the County Court Judge had a conflict of interest and, therefore, should not have presided over his April 2006 trial; (b) he was incompetent to stand trial; and (c) the People violated *Brady* by failing to disclose his videotaped police statement.

*See* Dkt. No. 1, Petition, at 7-16.

In a very thorough Report-Recommendation dated September 26, 2013, Magistrate Judge Baxter recommended that the Court deny and dismiss the petition and not issue a certificate of appealability. *See* Dkt. No. 40 at 22. Petitioner filed objections to those recommendations. *See* Dkt. No. 43.

With respect to Petitioner's right-to-counsel claim, Magistrate Judge Baxter found that, to the extent that Petitioner was arguing that the police should not have questioned him because he was represented by counsel, that claim was not cognizable on federal habeas review; and, therefore, he recommended that the Court dismiss that claim. Similarly, Magistrate Judge Baxter found that Petitioner's claim that he was denied mental health treatment was not cognizable in a habeas corpus

petition. Therefore, he recommended that the Court dismiss that claim.

With respect to Petitioner's *Brady* claim, Magistrate Judge Baxter found that the Appellate Division's denial of Petitioner's claim based on the alleged *Brady* violation was not contrary to, or an unreasonable application of, Supreme Court precedent. Therefore, he recommended that the Court dismiss that claim.

With respect to Petitioner's claim that the state court should have conducted a competency hearing, Magistrate Judge Baxter found that the Appellate Division's dismissal of Petitioner's claims based on failure to conduct a competency hearing was not contrary to or an unreasonable application of Supreme Court precedent. Therefore, he recommended that the Court dismiss that claim.

After reviewing all of Petitioner's arguments concerning his ineffective assistance of counsel claim, Magistrate Judge Baxter found that the Appellate Division had considered the fairness of the proceedings as a whole and Petitioner's specific complaints regarding trial counsel's performance. Therefore, Magistrate Judge Baxter concluded that the Appellate Division's rejection of Petitioner's claims based on ineffective assistance of trial counsel was not contrary to or an unreasonable application of Supreme Court precedent. Thus, he recommended that the Court dismiss those claims.

With respect to Petitioner's claims that his appellate counsel was ineffective, Magistrate Judge Baxter found that Petitioner's appellate counsel had provided adequate representation; and, therefore, he recommended that the Court dismiss those claims.

Finally, Magistrate Judge Baxter found that the Appellate Division's rejection of Petitioner's claim related to the alleged delay in the receipt of his medical records was not contrary to or an unreasonable application of Supreme Court precedent. Therefore, he recommended that the Court

dismiss those claims.

After reviewing a magistrate judge's recommendations, the district court may accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court reviews *de novo* those portions of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). """If, however, the party makes only conclusory or general objections, . . . the Court reviews the Report and Recommendation only for clear error.""" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 17974, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

Petitioner raises both general and specific objections to Magistrate Judge Baxter's recommendations, including objections to the extent of Magistrate Judge Baxter's review of the record. A majority of Petitioner's objections stem from his disagreement with, or at the very least his failure to understand that, the standard of review under the AEDPA is a highly deferential one, which, among other things, requires a federal habeas court to give the benefit of the doubt to state-court decisions. *See Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011).

Nevertheless, in light of Petitioner's *pro se* status, the Court has conducted a *de novo* review of all of Magistrate Judge Baxter's recommendations and concludes that Petitioner's objections are without merit. Magistrate Judge Baxter discussed each of the grounds that Petitioner raised in his petition and thoroughly analyzed each of those grounds using the correct legal principles. Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's September 26, 2013 Report-Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Petitioner's petition is **DENIED and DISMISSED in its entirety**; and the Court further

**ORDERS** that a Certificate of Appealability will **not** issue in this case because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and the Court further

**ORDERS** that Petitioner's motion for appointment of counsel, *see* Dkt. No. 49, is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 13, 2015
Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge